BERNARD BERKOWITZ, PLAINTIFF-APPELLANT, v. ISADORE FISHMAN, DEFENDANT-RESPONDENT.

Submitted October 1, 1946—Decided November 9, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the appellant, *Abraham Brenman* (*Herbert Susser,* on the brief).

For the respondent, *Samuel Green* (*David Green,* of counsel).

PER CURIAM.

On July 2d, 1944, the appellant, Bernard Berkowitz, was riding in an automobile owned and operated by the respondent, Isadore Fishman. At the intersection of Twelfth Avenue and Auburn Street in Paterson, New Jersey, the Fishman car was in collision with the bus of a third person. The appellant sustained injuries for which he brought suit against Fishman and the owner of the bus. The suit against the co-defendant was discontinued before trial. At the trial of the case, Mr. Berkowitz was called to the stand and testified to the facts as set forth above. He also testified that when the defendant, Fishman, arrived at the intersection of Auburn Street and Twelfth Avenue, he didn't stop, he didn't blow his horn, he didn't look and he didn't do anything. He also testified that the car in which he was riding was struck on the left hand side.

Mr. Berkowitz was the only witness on the question of negligence and at the conclusion of his testimony and that of a doctor, the court granted the defendant's motion for a nonsuit.

In this posture of the evidence, it was open to the jury to find that Mr. Fishman failed to make any observations before entering the intersection. It is settled in New Jersey beyond the need of citation of authority, that the driver of an automobile, when using streets and highways, is bound to exercise reasonable care towards other travelers. We think that the testimony of Mr. Berkowitz that the defendant made no observation was some evidence, albeit slight, of the failure to exercise reasonable care.

The judgment is reversed, to the end that a *venire de novo* may issue.